IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

IN OPEN COURT

OCT 20 2016

CLERK U.S. DISTRICT COURT
ALEXANDRIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:16-CR-210 |
| | ) | |
| LUIS PORTORREAL, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant, LUIS PORTORREAL, stipulate and agree that the allegations in the criminal information and the following facts are true and correct, and that had the matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.      The defendant, LUIS PORTORREAL, is presently an 18-year-old resident of Prince William County, Virginia.

2.      Between on or about January 19, 2015, and on or about March 13, 2015, within the Eastern District of Virginia, in a matter within the jurisdiction of the executive branch of the United States Government, the defendant, who was a juvenile at the time, did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations to a Special Agent of the Federal Bureau of Investigation (FBI) in connection with a criminal investigation.

### ALI AMIN AND THE TWITTER ACCOUNT @AmreekiWitness

3.      Ali Amin, now 18-years-old, was a resident of Prince William County, Virginia, and a close friend and high school classmate of the defendant during the time relevant to this Statement of Facts.

4.      On or about June 26, 2014, Amin started the Twitter account: @AmreekiWitness, which boasted over 4,000 followers. Amin used this account to conduct twitter-based conversations regarding ways to develop financial support for the Islamic State of Iraq and the Levant (ISIL), a designated foreign terrorist organization.

5.      Between on or about June 26, 2014, and on or about August 19, 2014, the defendant routinely viewed content posted by Amin with the @AmreekiWitness Twitter account and discussed that content with Amin, knowing that Amin was the user of the account.

6.      On or about June 11, 2015, Amin pleaded guilty to a single-count criminal information charging him with Providing Material Support and Resources to a Designated Foreign Terrorist Organization, specifically the Islamic State in Iraq and the Levant (ISIL), in violation of Title 18 United States Code, Section 2339B.

### THE DEFENDANT'S ROLE IN REZA NIKNEJAD'S TRAVEL TO SYRIA

7.      Reza Niknejad was an 18-year-old resident of Prince William County, Virginia, in or about January 2015.

8.      Between in or about late November or early December 2014 and January 2015, the defendant participated in encrypted chats with Amin, Niknejad, and others during which they discussed Niknejad's plan to travel to Syria to join and fight with ISIL.

9.      On or about January 7, 2015, the defendant drove Amin and Niknejad to the Post Office for the purpose of picking up a package containing a phone, encrypted thumb drive, and letter from an overseas ISIL supporter. The defendant was aware of the purpose of the trip.

10.     On or about January 14, 2015, at Amin's request, the defendant drove Amin and Niknejad to Washington Dulles International Airport. Niknejad had purchased airline tickets

2

from Dulles International Airport to Athens, Greece, with a layover in Istanbul. During the drive, Amin provided instruction to Niknejad on where to go once he arrived in Istanbul in order to meet up with other ISIL supporters traveling to Syria to join ISIL. The defendant, Amin, and Niknejad also agreed that if the defendant or Amin was questioned about Niknejad's whereabouts they would say that Niknejad may have gone to a university in Saudi Arabia.

11. Niknejad was last seen by his family on January 14, 2015, when he claimed to have departed with an unknown friend for a camping trip.

12. According to U.S. Customs and Border Protection records, on January 14, 2015, Niknejad departed on Turkish Airlines Flight 8 from Dulles International Airport to Istanbul, Turkey and arrived in Istanbul on January 15, 2015.

13. Several days after Niknejad's departure, the defendant and Amin delivered to Niknejad's family in Prince William County, Virginia a letter from Niknejad addressed to his family and a USB thumb drive. The letter and contents of the thumb drive indicated that Niknejad did not plan to see his family again. The defendant and Amin did not deliver the letter immediately after Niknejad's departure in order to give Niknejad time to travel into Syria before his family was alerted.

## THE DEFENDANT'S FALSE STATEMENTS TO THE FBI

14. On or about January 19, 2015, the defendant was interviewed by the FBI. During that interview he knowingly and willfully made the following false statements:

a. The defendant falsely stated that no one he knew of was sympathetic to ISIL.

b. The defendant falsely stated that he did not know anyone fighting for ISIL.

c. The defendant falsely stated that he did not know where Niknejad had gone.

3

d. The defendant falsely stated that the last time he saw Niknejad was at a mosque.

e. The defendant falsely omitted the fact that he had driven Niknejad to the airport on or about January 14, 2015.

f. After FBI agents told the defendant that they knew he had driven Niknejad to the airport, the defendant falsely stated that he had no knowledge of the destination or purpose of Niknejad's travel.

g. The defendant falsely stated that Niknejad may have gone to a university in Saudi Arabia.

h. The defendant falsely stated that he and Amin had delivered Niknejad's letter to his family the same day he drove Niknejad to the airport.

i. The defendant falsely omitted the fact that he had driven Niknejad and Amin to the Post Office to retrieve the package containing the phone, encrypted thumb drive, and letter from the overseas ISIL supporter.

j. The defendant falsely stated that he had no online contact with Niknejad.

k. The defendant failed to provide the names of individuals with whom he had participated in chats along with Niknejad to discuss Niknejad's travel to Syria and support of ISIL.

l. The defendant falsely stated that the user of the @AmreekiWitness Twitter account was someone other than Amin.

15. On or about January 20, 2015, the defendant was interviewed by the FBI. During the interview the defendant admitted that Amin was the user of the @AmreekiWitness Twitter

4

account but falsely stated that he had never viewed any information posted by Amin using the account.

16.    On or about February 27, 2015, the defendant was interviewed by the FBI. During the interview the defendant was asked about any ability to contact Niknejad. The defendant failed to inform the FBI of the encrypted chat account on which he had communicated with Niknejad, Amin, and others.

17.    On or about March 13, 2015, the defendant, along with his attorney, participated in a proffer interview at the U.S. Attorney's Office. During the interview, the FBI asked the defendant to provide all online communication accounts he had utilized within the last three years. The defendant failed to provide at least five derogatory accounts which he had utilized to engage in conversations with Amin, Niknejad, and others regarding their intent to join ISIL. After being confronted with this fact, the defendant provided another list including what he claimed was his encrypted chat account. However, the account he provided was not in fact the encrypted chat account he had used to talk to Amin, Niknejad, and others about their intent to join ISIL.

THE DEFENDANT'S DELETION OF HIS ENCRYPTED CHAT ACCOUNT

18.    During his January 19, 2015 interview with the FBI, the defendant was advised not to delete any of his communication accounts that may contain communications between Amin, Niknejad, or other travelers. The defendant stated in the interview that he understood not to delete any accounts.

19.    Nonetheless, after his interview with the FBI, the defendant deleted the encrypted chat account which he had used to communicate with Amin, Niknejad, and others concerning

5

travel plans to Syria and support of ISIL. The defendant deleted his encrypted chat account with the belief that the encrypted chats would not be recoverable.

## CONCLUSION

20.     The acts taken by the defendant in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law and were not committed by mistake, accident, or other innocent reason.

21.     This Statement of Facts includes those facts necessary to support a plea agreement between the defendant and the government. It does not include each and every fact known to the defendant or the government, and is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:    Julia K. Martinez
       Assistant United States Attorney

6

## Defendant's Stipulation and Signature

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Luis Portorreal
Defendant

## Defense Counsel's Signature

I am the attorney for the defendant, Luis Portorreal. I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, the defendant's decision to stipulate to these facts is informed and voluntary.

Jessica N. Carmichael, Esq.
Counsel for the Defendant

7